UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
CARMEN PINERO,

                                  Plaintiff,

      -against-

CITY OF NEW YORK, THOMAS SABBIO, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                              Defendants.
--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

       Plaintiff CARMEN PINERO, by her attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## <u>JURISDICTION</u>

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## <u>VENUE</u>

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## <u>JURY DEMANDS</u>

       5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff CARMEN PINERO is a seventy-six-year old Hispanic American female resident of Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants THOMAS SABBIO and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On January 25, 2014, at approximately 12:30 p.m., defendant NYPD police officers THOMAS SABBIO, JOHN DOE 1, and JOHN DOE 2, unlawfully entered plaintiff's apartment and participated in needlessly beating plaintiff, falsely arresting her, and/or they failed to intervene in said acts despite being present and/or aware of said acts and abuses of authority occurring in their presence.

13.     On the aforesaid date, plaintiff was in her apartment located at 155 Alaska Street, Apt. 12A, Staten Island, New York when defendants THOMAS SABBIO, JOHN DOE 1, and JOHN DOE 2 entered without permission and authority.  One of the officers had his gun drawn when he entered.

14.     The defendant officers threw plaintiff to the ground without cause or justification, and proceeded to place a foot in plaintiff's back, punch her repeatedly in the face and back, and handcuff her.

15.     An ambulance was thereafter summoned to plaintiff's home, and plaintiff was transported to Richmond University Medical Center in police custody.

16.     Plaintiff was released from police custody at Richmond University Medical Center without any charges filed against her.

17.     As a result of the defendants' misconduct, plaintiff sustained serious physical and emotional injuries, including, without limitation, fractures, inflammation, and hematomas at the left fourth and fifth ribs; post-concussive syndrome; facial trauma; right knee medial joint line tenderness, with limited mobility and hematomas; right elbow trauma with olecranon hematomas; left ankle swelling with hematomas, and medial and lateral tenderness; left wrist and

forearm trauma, with hematomas and lacerations; posterior spine paraspinal trauma and lesions; and hematomas to the left lateral scapula, left breast, left iliac crest on the right mid thoracic spine, right posterior shoulder, and right wrist and hand; as well as related pain, swelling, and impairments.

18.     Defendants THOMAS SABBIO and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

19.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, unlawful entry into homes, employing excessive use of force, and false arrest.

20.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding entry into homes, use of force, detaining individuals for transport to medical and/or psychiatric facilities, and that officers engage in a practice of falsification to cover up their abuses of authority.

21.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New*

*York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

22.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

23.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

25.     All of the aforementioned acts deprived plaintiff CARMEN PINERO, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

Department, all under the supervision of ranking officers of said department.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

29.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Sabbio and John Doe Defendants)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     Defendants arrested plaintiff CARMEN PINERO, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

32.     Defendants caused plaintiff CARMEN PINERO to be falsely arrested and unlawfully imprisoned.

33.     As a result of the foregoing, plaintiff CARMEN PINERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Sabbio and John Doe Defendants)

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff CARMEN PINERO'S constitutional rights.

36.    As a result of the aforementioned conduct of defendants, plaintiff CARMEN PINERO was subjected to excessive force and sustained physical and emotional injuries.

37.    As a result of the foregoing, plaintiff CARMEN PINERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 against Sabbio and John Doe Defendants)

38.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

40.    The defendants failed to intervene to prevent the unlawful conduct described herein.

41.    As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

42.    As a result of the foregoing, plaintiff CARMEN PINERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Entry into Plaintiff's Home under 42 U.S.C. § 1983 against Sabbio and John/Jane Doe Defendants)

43.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.   The defendants entered plaintiff's home without a warrant, consent, and otherwise without justification.

45.   As a result of the foregoing, plaintiff CARMEN PINERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against City of New York)

46.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48.   The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, arresting individuals without probable cause, improperly including taking individuals into custody for medical and/or psychiatric treatment, and engaging in a practice of

falsification to cover up abuses of authority.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

50.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

51.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

52.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CARMEN PINERO's home was unlawfully entered, and she was subjected to excessive force, falsely arrested, and unlawfully imprisoned.

53.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

54.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

      A.    To be free from unlawful entry into her home;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from excessive force; and

      D.    To be free from the failure to intervene;

55.     As a result of the foregoing, plaintiff CARMEN PINERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       October 18, 2016

                          BRETT H. KLEIN, ESQ., PLLC
                          Attorneys for Plaintiff CARMEN PINERO
                          305 Broadway, Suite 600
                          New York, New York 10007
                          (212) 335-0132

                          By:    s/ Brett Klein_____
                                BRETT H. KLEIN (BK4744)

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

CARMEN PINERO,

                                     Plaintiff,

                                                                Docket No.

                 -against-

CITY OF NEW YORK, THOMAS SABBIO, Individually,
and JOHN and JANE DOE 1 through 10, Individually, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                     Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132