UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CARMEN PINERO,

        Plaintiff,

  -against-

CITY OF NEW YORK, THOMAS
SABBIO, TIMOTHY SCOTTO,
MICHAEL MCAVOY, MICHAEL
OTTERBACK, and JOHN and JANE DOE
1-10,

        Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
1:16-cv-5890(FB)(RML)

*Appearances:*
*For the Plaintiff*
BRETT H. KLEIN
Brett H. Klein, Esq. PLLC
305 Broadway, Suite 600
New York, NY 10007

*For the Defendant*
BEN KURUVILLA
MARK DAVID ZUCKERMAN
ASHLEY REBECCA GARMAN
New York City Law Department
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

    On October 21, 2016, plaintiff brought this action pursuant to 42 U.S.C. §§ 1983 and 1988 for false arrest, excessive force, failure to intervene, unlawful entry, and *Monell* liability against New York Police Department ("NYPD") Officer Thomas Sabbio, the City of New York, and John Doe officers. Plaintiff's complaint alleges that on January 25, 2014, Sabbio and the John Doe officers entered her apartment, physically assaulted her, handcuffed her, and took her to the hospital. She was released with no

charges filed.

On May 23, 2017, after the three-year statute of limitations had run, *see Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013), plaintiff amended her complaint to name the John Doe officers, adding Officers Timothy Scotto, Michael McAvoy and Michael Otterback. Defendants now move to dismiss these three officers pursuant to Rule 12(b)(6) on statute of limitations grounds. Defendants' motion is granted.

"The lapse of a limitation period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). "However, a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1226 (3d ed. 2004)).

Plaintiff does not dispute that she filed her amended complaint naming the three officers more than three years after statute of limitations began to run. *See Palmer v. City of New York*, 315 F. App'x 350 (2d Cir. 2009) (plaintiff's "excessive force claim accrued . . . when he was . . . subjected to the alleged use of excessive force").

However, under Federal Rule of Civil Procedure 15(c)(1)(A), a plaintiff can substitute John Doe defendants, *nunc pro tunc*, so long as the plaintiff meets the requirements of New York Civil Practice Law and Rules ("CPLR") § 1024. *Hogan v.*

*Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). "To take advantage of § 1024, a party must meet two requirements." *Id.* at 519. "First, the party must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.'" *Id.* (quoting *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 29-30 (2d Dep't 2009)). "Second, the party must describe the John Doe party 'in such form as will fairly appraise the party that [he] is the intended defendant.'" *Id.* (quoting *Bumpus*, 66 A.D.3d at 30). Failing to file any written requests to identify unknown police officers can constitute a lack of due diligence. *Williams v. United States*, 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25, 2010).

Here, plaintiff failed to exercise due diligence. She took only two unsuccessful actions to attempt to determine the identity of the unnamed officers in the three years since her claims accrued: She sought her own hospital records[1] from the night of her police encounter, and she filed an Civilian Complaint Review Board ("CCRB") complaint shortly after her arrest, which was resolved in favor of the officers in September 2014.

---

[1] It is unclear why plaintiff believed her own hospital records would contain the names of the unidentified police officers.

The officers' names were not disclosed in the notice sent to plaintiff, yet for more than two years afterwards, plaintiff made no request, formal or informal, to the police department or CCRB to determine the officers' names.[2] Plaintiff now argues that she did not need to make such an inquiry because the City was not obligated by law to provide the names and would likely have rebuffed the request. However, she was still required to make at least a minimal effort. Perhaps the City would have responded to an informal request for the officers' names; perhaps not. But if plaintiff is not required to put forward even a minimal effort to determine the names of the Doe officers, the "due diligence" requirement would have no practical effect. Her failure to do so is even less excusable given that she is represented by counsel. *Cf. Williams*, 2010 WL 963474, at *13 (failure to submit any written requests to identify John Doe defendants not excusable even though plaintiff was *pro se* and incarcerated).

Even after filing her complaint, plaintiff did not exercise due diligence. She made no effort to discover the names of the John Doe officers. Despite knowing she needed these names, she consented to defendants' request for an extension of time for the initial conference without seeking them. As a result, the statute of limitations ran.

Because plaintiff did not exercise due diligence to determine the names of the John Doe defendants, she cannot avail herself of Rule 15(c)(1)(A). Plaintiff's claims

---

[2] In fact, plaintiff waited nearly two full years after learning that the CCRB internal investigation exonerated the officers before filing her complaint, which she filed less than three months before the expiration of the statute of limitations.

4

against Scotto, McAvoy, and Otterback are time-barred and therefore dismissed. The case will proceed only against Sabbio and the City of New York.

**SO ORDERED**

  /S/ Frederic Block         
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 12, 2018